IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YOUNG LOR,

    Petitioner,                                         No. CIV S-08-2985 GEB DAD P

    vs.

TOM FELKER,

    Respondent.                                   ORDER

_____/

        On February 14, 2011, petitioner filed a request for reconsideration of the magistrate judge's order filed January 10, 2011. That order set a limited evidentiary hearing, as described at a January 7, 2011 status conference before the magistrate judge. The transcript of the January 7, 2011 status conference has been filed as docket #60.

        Although motions to reconsider are directed to the sound discretion of the court, Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus Local Rule 230(j) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion." The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is

1

1 | substantially different evidence . . . new controlling authority, or the prior decision was clearly
2 | erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d
3 | 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985).

Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F.Supp. 1003, 1009 (C.D.Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D.Pa. 1991). These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F.Supp. at 1009.  In this case, respondent has essentially repeated arguments he previously presented to the magistrate judge in his opposition to petitioner's motion for evidentiary hearing.  He has not demonstrated any new or different facts or circumstances which were not shown upon the prior motion.

Pursuant to E.D. Local Rule 303(f), a magistrate judge's orders shall be upheld unless "clearly erroneous or contrary to law."  Upon review of the entire file, the court finds that it does not appear that the magistrate judge's ruling was clearly erroneous or contrary to law.

Therefore, IT IS HEREBY ORDERED that, upon reconsideration, the order of the magistrate judge filed January 10, 2011 is affirmed.

Dated: March 30, 2011

GARLAND E. BURRELL, JR.
United States District Judge

2