IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YOUNG LOR,

    Petitioner,                    No. 2:08-cv-2985 GEB DAD P

    vs.

TOM FELKER,

    Respondent.              <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding through counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On May 7, 2012, this court issued an order setting a June 20, 2012 evidentiary hearing on petitioner's claims that he received ineffective assistance of trial counsel due to his counsel's conflict of interest and that the prosecutor violated his right to a fair trial by failing to disclose exculpatory evidence to the defense.  On May 17, 2012, respondent filed a motion for reconsideration by the assigned District Judge of the May 7, 2012 order.  On July 31, 2012, the District Judge denied respondent's motion for reconsideration. In light of the ruling by the District Judge, this court will hereby reset the evidentiary hearing in this matter.

/////

/////

1

Accordingly, IT IS HEREBY ORDERED that:

1. An evidentiary hearing is set for October 5, 2012 at 9:00 a.m. in Courtroom 27; and

2. The evidentiary hearing will be limited to: (1) the receipt of testimony from petitioner's trial counsel regarding the issues described by the court at the January 6, 2011 hearing on petitioner's motion for an evidentiary hearing; and (2) the receipt of any other evidence relevant to the disposition of the issues raised by the pending petition as discussed in this court's May 7, 2012 order.[1]

DATED: August 3, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
lor2985.reset

---

[1] As discussed at the January 6, 2011 hearing, it is anticipated that the evidence presented will focus on the following issues: (1) what was divulged to petitioner's trial counsel by the prosecution with respect to any and all charges brought against Andy Vang in connection with the incident which resulted in petitioner's conviction; (2) what was otherwise known to defense counsel about Vang being charged in connection with that incident; (3) what was the final resolution of the criminal charges brought against Vang in connection with that incident; (4) what was the nature of the relationship between Vang and his family and petitioner's counsel, including the facts surrounding trial counsel being approached by Vang's family; (5) what was the relationship between trial counsel's prior law firm and Vang; (6) were all relevant facts regarding the possible conflict of interest divulged to petitioner by his counsel; (7) the nature of the waiver of conflict free representations that was entered on the record by petitioner at his trial; (8) on what basis were decisions made by petitioner's trial counsel's with respect to his cross-examination of Vang at trial; and (9) specifically, whether petitioner's trial counsel was influenced in the manner in which he cross-examined Vang and Det. Kang by any prior representation of Vang by himself or his previous law firm, whether divulged or not divulged to petitioner.